```
     E8TSDARC
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4            v.                                14 CR 534 (JSR)
 5   CALVIN DARDEN,
 6                  Defendant.
 7   ------------------------------x
 8                                              New York, N.Y.
                                                August 29, 2014
 9                                               2:30 p.m.
10
     Before:
11
                       HON. JED S. RAKOFF,
12
                                            District Judge
13
14                          APPEARANCES
15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     ANDREW ADAMS
17        Assistant United States Attorney
18   FEDERAL DEFENDERS OF NEW YORK
          Attorneys for Defendant
19   BY:  JENNIFER BROWN
20
21
22
23
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

1             (Case called)
2             MR. ADAMS:  Good afternoon, your Honor.  Andrew Adams
3    for the United States.
4             THE COURT:  Good afternoon.
5             MR. BROWN:  Good afternoon, your Honor.  Jennifer
6    Brown with Mr. Darden.
7             THE COURT:  Good afternoon.  How long does the
8    government want to complete discovery?
9             MR. ADAMS:  Your Honor, I would ask for two weeks to
10   complete discovery from today.
11            THE COURT:  That is fine.  That would be September 11.
12            How long does defense counsel want for the making of
13   any motions?
14            MR. BROWN:  Your Honor, I would like four weeks.  I
15   think there may be a lot of documents in this case.
16            THE COURT:  Let's find out.  What does the discovery
17   consist of?
18            MR. ADAMS:  Your Honor, there is a substantial number
19   of documents in the form of e-mails.  There was one warrant
20   executed on three different e-mail accounts.  There may be
21   motion practice on that, I would expect.
22            The remainder of the documents are different financial
23   documents and business records relating to the two deals that
24   underlie the two different charges here.  It is not voluminous,
25   but it is certainly not just a handful of pages.  I would say

1   probably a couple hundred pages.
2           THE COURT:  I have come to understand over the years
3   that Ms. Brown is the sole reason, for that reason and only
4   that reason, I will give you the four weeks you requested.
5   Discovery is over on the 11th.  Four weeks after that would be
6   October 9.
7           Let's look for a further conference.  October 14 at
8   4:00 p.m.  At that time, if motions have been filed that can be
9   dealt with orally, they will be.  If it turns out motions
10  require written response, we will set a date then for written
11  response.
12          In any event, we will set a trial date at that time.
13  Pursuant to Section 3161 of Title 18, I will exclude from
14  calculations under the Speedy Trial Act all time between now
15  and October 14, finding that such time is necessary for the
16  reasons clear from this transcript and also for other reasons,
17  the best interest of justice, and the exclusion of that time
18  substantially outweighs the interest of the public and the
19  defendant in a speedy trial.
20          Anything else we need to take up today?
21          MR. BROWN:  Yes, your Honor.  I have a post-bail
22  modification with the consent of the government.  Mr. Darden
23  has been on monitoring with home confinement for a substantial
24  period of time.  Given his performance without incident after
25  this much time, the government has agreed, if the Court will

1    approve, to remove that condition.  All other conditions to
2    remain in effect.
3            MR. ADAMS:  That's correct, your Honor, with the one
4    addition that we would request that a travel limitation be put
5    in place.  There is not one currently, restricting movement out
6    of the Southern and Eastern Districts of New York.
7            THE COURT:  How long has he been on home confinement?
8            MR. ADAMS:  Mr. Darden posted bail on March 10 of this
9    year.  There have been no incidents reported to me.
10           THE COURT:  What happened between March and now?
11           MR. BROWN:  Your Honor, there was a change of counsel
12   and there were discussions between parties.
13           THE COURT:  I have no problem with the two changes in
14   the bail conditions, removing the home confinement condition
15   and adding a limitation of travel to the Southern and Eastern
16   District of New York.  But now that I hear that there was that
17   extensive period of delay, I think we better set a trial date
18   right now.
19           We have the further conference on October 14.  Even if
20   there are motions that require written response from the
21   government, I am not going to give the government, under these
22   circumstances, more than a week or respond.  All motions will
23   be decided by the end of October.
24           For a trial date, how about November 17?  I have a
25   civil trial starting that day.  I think it is going to settle.

Case 1:14-cr-00534-JSR   Document 22   Filed 09/30/14   Page 5 of 5       5
E8TSDARC

1       MR. BROWN:  That's fine, your Honor.

2       MR. ADAMS:  Thank you, your Honor.

3       THE COURT:  We will set it down for trial on
4  November 17.  I will now exclude time through November 17,
5  finding that date, the interest of justice in excluding such
6  time substantially outweighs the public and the defendant in a
7  speedy trial.  Take a look at my individual rules, because
8  there are certain things you need to provide a week before
9  trial that are set forth in the rules.

10      Since I have to sign an order modifying the bail
11 conditions, what are all the conditions as they would be in
12 these two changes?

13      MR. ADAMS:  Yes, your Honor.  Just one moment.

14      Mr. Darden was previously ordered to post a personal
15 recognizance bond in the amount of $1 million to be secured by
16 $300,000 in cash or property.  That has been accomplished.  He
17 was required to obtain the signatures of five financially
18 responsible cosigners.  That has also been accomplished.  He
19 was on strict pretrial supervision from incarceration,
20 monitoring, which was the condition to be lifted.

21      That is all.  Thank you.

22      THE COURT:  Anything else?

23      MR. ADAMS:  Nothing from the government.

24      MR. BROWN:  No, your Honor.

25      THE COURT:  Very well.  Thanks very much.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300