```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                              14 CR 534 (JSR)

CALVIN R. DARDEN, JR.,

                Defendant.

------------------------------x
                                          New York, N.Y.
                                          November 4, 2014
                                          3:00 p.m.

Before:

                    HON. JED S. RAKOFF,

                                          District Judge

                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ANDREW ADAMS
     Assistant United States Attorney

JENNIFER L. BROWN
     Attorney for Defendant Darden
```

1              (Case called)
2              MR. ADAMS:  Good afternoon, your Honor.
3              Andrew Adams, for the United States.
4              THE COURT:  Good afternoon.
5              MS. BROWN:  Good afternoon, your Honor.
6              Jennifer Brown, for Mr. Darden.
7              THE COURT:  Good afternoon.
8              So I understand the defendant wishes to withdraw his
9   previously entered plea of not guilty and enter a plea of
10  guilty to Counts One and Two of indictment 14 CR 534; is that
11  correct?
12             MS. BROWN:  Yes, your Honor.
13             THE COURT:  We'll place the defendant under oath.
14             (Defendant Calvin Darden sworn)
15             THE COURT:  So, Mr. Darden, let me first advise you
16  that because you are under oath, anything you say that is
17  knowingly false could subject you to punishment for perjury or
18  obstruction of justice and making false statements; do you
19  understand that, sir?
20             THE DEFENDANT:  Yes, sir.
21             THE COURT:  So do you read, write, speak and
22  understand English?
23             THE DEFENDANT:  Yes, sir.
24             THE COURT:  How far did you go in school?
25             THE DEFENDANT:  College, but I did not get my degree.

1            THE COURT:  How old are you now?
2            THE DEFENDANT:  40.
3            THE COURT:  Are you single or married?
4            THE DEFENDANT:  Married.
5            THE COURT:  Do you have any children?
6            THE DEFENDANT:  Yes, three.
7            THE COURT:  Have you ever been treated by a
8    psychiatrist or psychologist?
9            THE DEFENDANT:  No, sir.
10           THE COURT:  Have you been hospitalized for any mental
11   illness?
12           THE DEFENDANT:  No, sir.
13           THE COURT:  Have you ever been treated or hospitalized
14   for alcoholism?
15           THE DEFENDANT:  No, sir.
16           THE COURT:  Have you ever been treated or hospitalized
17   for narcotics addiction?
18           THE DEFENDANT:  No, sir.
19           THE COURT:  All right.  Are you currently under the
20   care of a physician or for any reason?
21           THE DEFENDANT:  No, sir.
22           THE COURT:  In the last 24 hours have you taken any
23   pills or medicine of any kind?
24           THE DEFENDANT:  No, sir.
25           THE COURT:  In the last 24 hours have you take any

1  alcohol or any narcotic of any kind?
2          THE DEFENDANT:  No, sir.
3          THE COURT:  Is your mind clear today?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  Do you understand these proceedings?
6          THE DEFENDANT:  I do.
7          THE COURT:  On the basis of the defendant's responses
8  to my questions and my observation of his demeanor, I find he
9  is fully competent to enter an informed plea at this time.
10         Now, you have a right to be represented by counsel at
11 every stage of these proceedings; do you understand that?
12         THE DEFENDANT:  I do.  Thank you.
13         THE COURT:  If you can't afford counsel then as has
14 already been the case, one will be appointed to represent you
15 free of charge throughout all proceedings; do you understand
16 that?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  You are represented by Ms. Brown of the
19 Federal Defenders.  Are you satisfied with her representation?
20         THE DEFENDANT:  Absolutely.
21         THE COURT:  Have you had a full opportunity to discuss
22 this matter with her?
23         THE DEFENDANT:  I have.
24         THE COURT:  Have you told her everything you know
25 about this?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  Now, you previously entered a plea of not
3   guilty to Counts One and Two of this indictment but I
4   understand from your counsel that you wish to withdraw that
5   plea and enter a plea of guilty; is that right?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Before I can accept any plea of guilty I
8   need to make sure that you understand the rights that you will
9   be giving up if you plead guilty.  So I want to go over with
10  you now the rights that you will be giving up; do you
11  understand?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  First you have a right to a speedy and
14  public trial by jury on the charges against you; do you
15  understand that?

16          THE DEFENDANT:  I do.

17          THE COURT:  Second, if there were a trial you would be
18  presumed innocent and the government would be required to prove
19  you guilt beyond a reasonable doubt before you could be
20  convicted of any charge; do you understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Third, at the trial you would have the
23  right to be represented by counsel and once again if you still
24  could not afford counsel the Court would continue the
25  representation of you by counsel free of charge; do you

1    understand?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Fourth, at the trial would you have the
4    right to see and hear all of the witnesses and other evidence
5    against you.  Your attorney could cross-examine the
6    government's witness and object to the government's evidence.
7    It could offer evidence on your own behalf if you so desired
8    and you could have subpoenas issued to obtain evidence and
9    witnesses on your behalf; do you understand that?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  Fifth, at the trial you would have the
12   right to testify if you wanted to but no one could force you to
13   testify if you did do not want to and no suggestion of guilt
14   could be drawn against you simply because you chose not to
15   testify; do you understand that?

16        THE DEFENDANT:  I do.  Thank you.

17        THE COURT:  Finally, even if you were convicted of a
18   one or both of these counts you would have the right to appeal
19   your conviction; do you understand that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  Now, do you understand that if you plead
22   guilty you will be giving each and every one of the rights we
23   just discussed; do you understand that?

24        THE DEFENDANT:  I do.

25        THE COURT:  Do you still wish to plead guilty?

1            THE DEFENDANT:  Yes, sir.
2            THE COURT:  Very good.  Now, you've already read the
3    indictment in this case?
4            THE DEFENDANT:  Yes, sir.
5            THE COURT:  You've discussed it your counsel?
6            THE DEFENDANT:  Yes, sir.
7            THE COURT:  Do you understand the charges against you?
8            THE DEFENDANT:  Yes, sir.
9            THE COURT:  Ms. Brown, do you want the indictment read
10   here again in open court or do you waive the reading?
11           MS. BROWN:  I've a waive the reading of the
12   information, your Honor.
13           THE COURT:  Information.  Thank you so much.  Is there
14   an agreement, a plea agreement in connection with this plea?
15           MR. ADAMS:  There is not, your Honor.
16           THE COURT:  OK.  So what are the maximum penalties and
17   the suggested guideline ranges on each count?
18           MR. ADAMS:  Your Honor, with respect to both of the
19   counts each of which charges wire fraud, the maximum term of
20   term of imprisonment is 20 years, maximum term of supervised
21   release is three years.  Each count carries a potential for a
22   fine of $250,000 or twice the gross pecuniary gain or loss to
23   any victim.  And each count also carries a $100 mandatory
24   special assessment.
25           Mr. Darden through Ms. Brown has been provided with

1    the Pimentel letter of the government's current view of the
2    guidelines.
3              THE COURT:  All right.  Let's see that.
4              (Pause)
5              THE COURT:  All right.  We will mark this as Court
6    Exhibit One to today's proceeding.
7              Mr. Darden, have you had a chance to read that letter?
8              THE DEFENDANT:  Yes, sir.
9              THE COURT:  You've discussed it with your counsel?
10             THE DEFENDANT:  I have.
11             THE COURT:  And you understand it?
12             THE DEFENDANT:  I do.
13             THE COURT:  And as was just mentioned by the
14   assistant, you face on each count a maximum of 20 years
15   imprisonment to be followed by three years of supervised
16   release, plus a maximum fine of which ever is greatest either
17   $250,000 or twice the amount of money derived from the crime or
18   twice the loss to any victims of the crime, plus a $100
19   mandatory special assessment, plus restitution.  Do you
20   understand that those are the maximum penalties on each count?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  Do you understand that the Court could if
23   it wished add those together so that you face an overall
24   maximum of 40 years imprisonment if you plead guilty to both
25   counts?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  In addition, there are some suggested
3    guidelines which are not binding on the Court but which the
4    Court will take account of.  And according to the government's
5    view of the guidelines, the guideline range is 97 to 121 months
6    imprisonment.  Do you understand that that is the government's
7    view of what the guidelines should be calculated as?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Now, of course your own attorney can offer
10   her own view of the guidelines.  And in any event, even though
11   I will in the end calculate the guidelines they are not binding
12   on me and I may follow the guidelines or I may go higher or
13   lower and where ever I come out if you plead guilty, you will
14   still be bound by the sentence; do you understand that?

15           THE DEFENDANT:  I do sir.

16           THE COURT:  More generally, do you understand that if
17   anyone has made any kind prediction or estimate or promise or
18   representation to you of what your sentence will be in this
19   case, that person could be wrong and, nevertheless, if you
20   plead guilty you will still be bound by my sentence?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  Also, do you understand that if I do
23   impose a term of supervised release to follow the imprisonment
24   and you were to violate any of the conditions of supervised
25   release, that violation in and of itself could subject you to

1   still further imprisonment going even beyond the term of
2   supervised release; do you understand that?
3            THE DEFENDANT:  I do.
4            THE COURT:  Does the government represent that no
5   promises have been made to the defendant in connection with
6   this plea?
7            MR. ADAMS:  I do, your Honor.
8            THE COURT:  That is the defense counsel confirm that
9   is correct?
10           MS. BROWN:  Yes, your Honor.
11           THE COURT:  Mr. Darden, do you confirm that is
12  correct?
13           THE DEFENDANT:  Yes, sir.
14           THE COURT:  Mr. Darden, other than the government, has
15  anyone else made kind of promises or offered you any inducement
16  to get you to plead guilty in this case?
17           THE DEFENDANT:  They have not.
18           THE COURT:  Has threatened or coerced you to get you
19  to plead guilty?
20           THE DEFENDANT:  No, sir.
21           THE COURT:  Does the government represent that if this
22  case were to go to trial they could through competent evidence
23  prove every essential element of those two charges beyond a
24  reasonable doubt?
25           MR. ADAMS:  Yes, your Honor.

1        THE COURT:  Does defense counsel know of any valid
2   defense that would likely prevail at trial or any other reason
3   why your client should not plead guilty?
4        MS. BROWN:  No, your Honor.
5        THE COURT:  Then, Mr. Darden, tell me in your own
6   words what it is that you did that makes you guilty of these
7   crimes.
8        THE DEFENDANT:  Yes, sir.  From around March 2012, I
9   made false representations by e-mail to a company in Taiwan
10  with the intent to convince the company to wire money in
11  connection with an asset --
12       THE COURT:  Slow down.
13       THE DEFENDANT:  I'm sorry.
14       THE COURT:  Go ahead.
15       THE DEFENDANT:  Money was wired to an account opened
16  and maintained in Manhattan.
17       From approximately August 2013 I sent by e-mail from
18  Manhattan to New Jersey forged documents and had made false
19  representations about my father's assets in order to convince
20  others to wire money towards the purchase of Maxim Magazine
21       THE COURT:  When you did all of those things you knew
22  that what you were doing was illegal and wrong, yes?
23       THE DEFENDANT:  Yes, sir.
24       THE COURT:  You knew that your scheme contemplated
25  harm to the victims of your scheme?

1           THE DEFENDANT:  I do, sir.
2           THE COURT:  Is there anything else regarding the
3    factual portion of the allocution that the government wishes
4    the Court to inquire about?
5           MR. ADAMS:  No, your Honor.  Thank you.
6           THE COURT:  Is there anything else regarding any
7    aspect of the allocution that either counsel wishes the Court
8    to further inquire about before I ask the defendant to formally
9    enter his plea?
10          Anything else from the government?
11          MR. ADAMS:  No, your Honor.
12          THE COURT:  Anything from defense?
13          MS. BROWN:  No, your Honor.
14          THE COURT:  Then Mr. Darden, in light of everything we
15   have now discussed, how do you plead first to Count One of the
16   information 14 CR 534, guilty or not guilty?
17          THE DEFENDANT:  Guilty, sir.
18          THE COURT:  And to Count Two of the same information,
19   guilty or not guilty?
20          THE DEFENDANT:  Guilty, your Honor.
21          THE COURT:  Because the defendant has shown that he
22   understands his rights and because he has acknowledged his
23   guilt as charged and because his plea is entered knowingly and
24   voluntarily and is supported by an independent basis in fact
25   containing each of the essential elements of the offenses, I

1   accept his plea and adjudge him guilty of Counts One and Two of
2   information 14 CR 534.
3            Now, Mr. Darden, the next stage in this process is
4   that the probation office will put together what's called a
5   presentence report to help me assess sentencing.  As part of
6   that you will be interviewed by the probation officer.  You can
7   have your counsel present to advise you of your rights but
8   under my practices if you want to qualify for acceptance of
9   responsibility you personally need to answer any and questions
10  put to you by the probation officer.  Do you understand?
11           THE DEFENDANT:  Yes.
12           THE COURT:  After that report is in draft form or
13  before it's in final form, you and your counsel and also the
14  government counsel have a chance to review it and offer
15  suggestions, corrections and additions to the probation officer
16  who will then prepare the report and final to come to me.
17  Independent of that, counsel for both sides are hereby given
18  leave to submit directly to the Court in writing any and all
19  materials bearing on aspect of sentence provided those
20  materials are submitted no later than one week before sentence.
21           We will set the sentence down for --
22           MS. BROWN:  Your Honor, with respect to that, I did
23  confer with the government and the Court's deputy in advance
24  and the Court's calendar is free on April 3 which is a date
25  that is amenable to the government and defense.

EB4AADARP                    Plea

1           THE COURT:  OK.  Let's see what we have on April 3.
2    April 3 at 4 p.m.
3           All right.  Anything else we need to take up today?
4           MR. ADAMS:  Nothing from the government.
5           MS. BROWN:  Nothing, your Honor.
6           THE COURT:  Very good.  Thanks very much.
7                         (Adjourned)